UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI MATTICE,<br><br>           Plaintiff,<br><br>      v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>           Defendant. | Case No.: 1:15-cv-01791 - JLT<br><br>ORDER DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF TONI MATTICE AND AGAINST DEFENDANT NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY |

Toni Mattice was previously found disabled by the Social Security Administration, and asserts the administrative law judge erred in determining the date she became disabled.  Because the ALJ failed to call a medical expert to determine the onset date of Plaintiff's disability, the Commissioner's motion for summary judgment is **DENIED** and the matter is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## **PROCEDURAL HISTORY**

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income pursuant to Titles II and XVI, alleging she became disabled in 2006 due to left arm pain, hand/shoulder pain, back pain, and mental illness.  (Doc. 10-3 at 14; Doc. 10-6 at 2,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

14; Doc. 10-4 at 2)  The Social Security Administration denied Plaintiff's applications at both the initial level and upon reconsideration.  (*See generally* Doc. 10-4; Doc. 10-3 at 14)

After requesting a hearing, Plaintiff testified before an ALJ on February 11, 2014.  (Doc. 10-3 at 14, 35)  The ALJ issued a partially favorable decision on April 11, 2014.  (*See* Doc. 10-3 at 10-27)  Specifically, the ALJ concluded Plaintiff "was not disabled prior to November 1, 2012, but became disabled on that date and… continued to be disabled through the date of [the] decision." (*Id.* at 26)  When the Appeals Council denied Plaintiff's request for review of the decision on September 29, 2015 (*id.* at 2-4), the ALJ's findings became the final decision of the Commissioner of Social Security.

Plaintiff initiated this action by filing a complaint on November 30, 2015, asserting the ALJ erred in determining her disability onset date.  (Docs. 1, 16)  The Commissioner seeks summary judgment, arguing the Commissioner's decision is supported by substantial evidence in the record. (Doc. 17)

**STANDARD OF REVIEW**

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g).  The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

**DISABILITY BENEFITS**

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment

2

that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).  The burden of proof is on a claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).  If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment.  *Maounois v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## ADMINISTRATIVE DETERMINATION

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability.  20 C.F.R. §§ 404.1520, 416.920(a)-(f).  The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity ("RFC") to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level.  *Id.*  The ALJ must consider testimonial and objective medical evidence.  20 C.F.R. §§ 404.1527, 416.927.

The ALJ determined that Plaintiff "met the insured status requirements of the Social Security Act through March 31, 2012." (Doc. 10-3 at 16)  Pursuant to the five-step process, the ALJ found Plaintiff did not engage in substantial gainful activity after the alleged onset date, noting that "reported earnings in 2011 and 2012… did not rise to the level of substantial gainful activity." (*Id.* at 17)  At step two, the ALJ found Plaintiff's severe impairments included: "[d]egenerative disc disease [of the ] lumbar spine, carpal tunnel syndrome, and depression." (*Id.* at 17)  These impairments did not meet or medically equal a Listing. (*Id.*)  Next, the ALJ determined:

> [P]rior to November 1, 2012, the date the claimant became disabled, the claimant had the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).  The claimant was able to lift and carry 20 pounds occasionally, 10 pounds frequently.  She was able to stand, walk, and sit six hours each

during a normal eight hour workday.  The claimant could never climb ladders, ropes, or scaffolds, and occasionally climb ramps and stairs.  She could occasionally reach overhead with bilateral upper extremities, and occasionally handle (gross manipulation) or finger (fine manipulation) with her left upper extremity.  The claimant could never work around hazards such as moving dangerous machinery, unprotected heights, or operate a motor vehicle.  The claimant was limited to work involving only simple routine and repetitive tasks.

(*Id.* at 17-18)

According to the ALJ, the treatment records demonstrated "a decline in the claimant's mental functioning, accelerating in 2012." (Doc. 10-3 at 24)  In addition, the ALJ found a progression in Plaintiff's degenerative disc disease.  (*Id.* at 20) The ALJ opined November 1, 2012 was a "reasonable" onset date "after a complete review of [the] treatment records, and a corresponding physical residual functional capacity assessment." (*Id.* at 24)  Accordingly, the ALJ found that:

[B]eginning on November 1, 2012, the claimant [had] the residual functional capacity to perform a reduced range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).  The claimant is limited to lifting or carrying less than 10 pounds occasionally, standing and walking less than two hours, and sitting six hours during a normal eight-hour workday.  She can never climb, balance, stoop, kneel, crouch, or crawl.  She does not have the ability to maintain sufficient concentration even for simple routine and repetitive tasks.  She requires numerous unscheduled rest breaks, greater than generally allowed by an employer.

(*Id.* at 23)

## DISCUSSION AND ANALYSIS

Appealing the partially favorable decision of the ALJ, Plaintiff contends that "the ALJ erred in determining the onset date of [Plaintiff's] entitlement to Social Security disability benefits." (Doc. 16 at 6, emphasis omitted)  Plaintiff contends the ALJ "has not appropriately explained the medical foundation behind the RFC he identified for the period prior to November 1, 2012," and this omission "creates a fatal flaw with the ALJ's decision."  (*Id.* at 7)  On the other hand, Defendant contends "the record supports the ALJ's reasonable assessment, and the decision, supported by substantial evidence, should be upheld." (Doc. 17 at 8)

### A.    Obligation to Call a Medical Expert

Plaintiff contends that the ALJ failed to fulfill his responsibilities related to determining her disability onset date under Social Security Ruling ("SSR") 83-20 because the ALJ failed to call a medical expert at the hearing. (Doc. 16 at 7)  As explained by SSR 83-20,

> In disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity. The weight to be given any of the relevant evidence depends on the individual case.
> . . .
> Medical reports containing descriptions of examinations or treatment of the individual are basic to the determination of the onset of disability. The medical evidence serves as the primary element in the onset determination.
> . . .
> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling … In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.
> . . .
> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on the informed judgment of the facts in the particular case. *This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.*

1983 SSR LEXIS 25, 1983 WL 31249 (emphasis added); *see also Morgan v. Sullivan,* 945 F.2d 1079, 1082 (9th Cir. 1991) (same).

Based upon SSR 83-20, the Ninth Circuit determined "that where a record is ambiguous as to the onset date of disability, the ALJ must call a medical expert to assist in determining the onset date." *See Armstrong v. Comm'r of the Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998) (citing *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1990)); *see also Morgan v. Sullivan,* 945 F.2d 1079, 1082 (9th Cir. 1991) (finding an ALJ's inference regarding the onset date "is not possible without the assistance of a medical expert," and the determination of a disability onset date "cannot stand" without "the assistance of a medical advisor pursuant to SSR 83-20"). For example, in *Armstrong*, "the record demonstrate[d] that Armstrong suffered from various impairments," and also showed a deterioration in his condition. *Id*, 160 F.3d at 590. Though the medical record was "ambiguous" as to "when those impairments became disabling," the ALJ did not call a medical expert. *Id.* As a result, the Court concluded the matter should be "remanded to the ALJ with [an] instruction to call a medical expert to determine when Armstrong became disabled." *Id.* at 591.

Here, the ALJ found Plaintiff "did have progressively developing mental impairments" "[d]uring the period of time subject to adjudication." (Doc. 10-3 at 21)  In addition, the ALJ observed,

"[t]he medical evidence shows progressive degenerative disc disease over the three year period" from 2009 through 2012. (*Id.* at 20)  The ALJ found that an MRI taken in September 2012 "showed worsen spondylosis at C5-C6 and C6-C7," compared to an MRI taken in July 2009. (*Id.*)  According to the ALJ, "The initial report would not support the severity, intensity, or frequency of symptoms as alleged by the claimant early on, but the second report shows progressive degenerative disc disease." (*Id.*)  Nevertheless, the ALJ did not call a medical expert to determine when Plaintiff's degenerative disc disease limited her to less than the full range of sedentary work, or the date when her mental limitations progressed to the point that she could no longer perform simple, repetitive tasks.  Instead, the ALJ simply opined November 1, 2012 was a "reasonable" onset date. (*Id.* at 24)

Significantly, the ALJ's reliance on his own examination of the record does not establish a "legitimate medical basis" for the onset date, as required by SSR 83-20.  As discussed above, the Ninth Circuit has determined SSR 83-20 *requires* a medical advisor if the "medical evidence is not definite concerning the onset date and medical inferences need to be made." *Delorme*, 924 F.2d at 848; *Morgan*, 945 F.2d at 1082-83 ("the ALJ should determine the date based on an informed inference ...[which] is not possible without the assistance of a medical expert"); *see also Quarles v. Barnhart,* 178 F. Supp. 2d 1089, 1097 (N.D. Cal. 2001) ("the ALJ *must* consult a medical expert before determining the onset date…regardless of how careful and well-supported the ALJ's inference may be").  Accordingly, the Court finds the ALJ erred by inferring a disability onset date without the assistance of medical expert testimony.

**B.     Remand is Appropriate**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)).  Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed.  *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

Here, the ALJ's determination of the disability onset date, without the assistance of a medical expert, violated SSR 83-20 and controlling Ninth Circuit precedent.  *See also Delorme*, 924 F.2d at 848; *Morgan*, 945 F.2d at 1082-83.   Moreover, this error of the ALJ was not harmless as it was not "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).  On remand, the ALJ should call a medical expert to determine the onset date of Plaintiff's disability in accordance with SSR 83-20.

## CONCLUSION AND ORDER

Because the ALJ failed to apply the correct legal standards, there is no legitimate medical basis to support the onset date identified by the ALJ.  Consequently, the ALJ's decision cannot be upheld by the Court.  *See Sanchez*, 812 F.2d at 510.  Because remand is appropriate for further proceedings related to the onset date, the Court offers no findings related the remaining issues identified in Plaintiff's opening brief. Accordingly, the Court **ORDERS**:

1. The Commissioner's motion for summary judgment is **DENIED**;
2. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and
3. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Plaintiff Toni Mattice and against Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **March 24, 2017**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE